UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DAYTON LEE QUINN, | ) | No. CV 05-06939-DOC (VBK) |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND ORDER DENYING |
| | ) | PETITIONER'S MOTION TO AMEND THE |
| v. | ) | PETITION AND REQUEST FOR A STAY |
| | ) | |
| RICHARD KIRKLAND, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**INTRODUCTION**

On September 22, 2005, Dayton Lee Quinn (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). On December 5, 2005, Respondent filed an Answer to the Petition ("Answer"), contending that the Petition should be dismissed because is was time-barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1); that Petitioner's claims were not fully exhausted; and because some of the claims were procedurally defaulted. On December 13, 2005, an Order re Transfer Pursuant to Local Rule 83-1.3.1 was issued by the Court transferring the matter from United States Magistrate Judge Charles F. Eick to United States Magistrate Judge Victor B. Kenton.

On March 17, 2006, Petitioner filed a Traverse ("Traverse").

On August 2, 2006, Petitioner filed a document entitled "Amendment to Petition; to Stay Proceedings and to Ad [sic] Warden Richard Kirkland as the Respondent."  On August 3, 2006, the Court issued a Minute Order denying Petitioner's request for a stay and advising Petitioner that Richard Kirkland is already a Defendant and an amendment is unnecessary.

On August 14, 2007, the Court issued a Memorandum and Order finding that Petitioner was entitled to equitable tolling and ordering Respondent to file a Supplemental Answer addressing the merits of the Petition.

On September 7, 2007, Respondent filed a Supplemental Answer.

On October 9, 2007, Petitioner filed a "Supplemental Traverse" and a "Notice to Amend Present Petition and Request to Stay in Abeyance Pending Petition."

On November 15, 2007, Respondent filed an "Opposition to Petitioner's Request to Amend Petition and Stay in Abeyance Pending Petition; Memorandum of Points and Authorities in Support Thereof."

On January 17, 2008, Petitioner filed a document entitled "Petitioner's Reply Rebuttal to Petitioner's Request to Amend Petition and Stay in Abeyance Pending Petition; Memorandum of Points and Authorities."

Having reviewed the Petition and the matters set forth in the Supplemental Answer, Supplemental Traverse, Notice to Amend Present Petition and Request for a Stay, Respondent's Opposition and Petitioner's Reply, the Court **HEREBY DENIES** Petitioner's Motion to Amend Petition and request for a Stay.

//
//

**PRIOR PROCEEDINGS**

Petitioner was convicted by a Los Angeles County Superior Court jury of first degree murder in violation of California Penal Code ("PC") §187(a).  The jury also found true allegations that Petitioner personally used a firearm in violation of PC §§12022.5(a)(1), 12022.53(d), and that the murder was committed for the benefit of a criminal street gang in violation of PC §186.22(b)(1).  Petitioner was sentenced to state prison for 60 years to life. (Index A1.)

Petitioner appealed his judgment to the California Court of Appeal, which affirmed Petitioner's conviction on September 5, 2002. (Index A5.)

Petitioner filed a Petition for Review in the California Supreme Court (Index B1).  Petitioner's co-Defendant Jason Harris filed a Petition for Review in the California Supreme Court (Index B2).  The California Supreme Court denied the Petitions for Review on November 20, 2002. (Index B3.)

On November 21, 2003, Petitioner filed a Petition for Writ of Habeas Corpus in the Los Angeles County Superior Court, which he signed on November 12, 2003. (Index C1.)  The Los Angeles County Superior Court denied the Petition on November 21, 2003. (Index C2.)

On December 12, 2003, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court.  The California Supreme Court denied the petition on September 22, 2004. (Index D1, D2.)

On December 8, 2004, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, Case No. CV 04-09980-TJH (Mc).[1]  On December 20, 2004, the Court issued a Memorandum and

---

[1] The Court may take judicial notice of its own files and records. See Mir v. Little Co. Of Mary Hosp., 844 F.2d 646, 649 (9th

3

Order dismissing the Petition without prejudice for failure to exhaust state remedies.  The Court summarily dismissed the Petition without providing Petitioner an opportunity to show he had exhausted any of his claims.  The Judgment states the Petition was "dismissed without prejudice to the Petitioner's right to file a new petition after he has exhausted available state remedies with regard to all issues raised therein." (Index F1, F2.)

On September 22, 2005, Petitioner filed the within Petition.

//

//

---

Cir. 1988).  Petitioner raised the following claims in this petition: (1) Petitioner's due process rights were violated by the use of perjured testimony introduced by the prosecution's gang expert Wilfred Ortiz; (2) the trial judge erred prejudicially by allowing evidence of an unrelated and unsolved murder throughout Petitioner's trial through admission of hearsay evidence; (3) Petitioner's conviction was gained as a result of outrageous misconduct of the prosecutor; (4) there was insufficient evidence to corroborate the testimony of James Dancer, an accomplice and co-conspirator in the assault on Felix Perez; the shooting was the natural and probable consequence of the gang-motivated assault; therefore, the evidence was insufficient to sustain Petitioner's conviction; (5) the trial court erred prejudicially by failing to instruct the jury that Dancer was an accomplice as a matter of law; (6) Petitioner was deprived of the effective assistance of counsel by trial counsel's failure to move to exclude Dancer's coerced statement and trial testimony implicating Petitioner in the shooting; (7) the trial court abused its discretion by denying trial counsel's request for a reasonable mid-trial delay to produce a defense witness who was in custody in Los Angeles County, whose testimony was critical to impeach the credibility of the prosecution's key witness; (8) the trial court erred by imposing a consecutive term of ten years for the criminal street gang enhancement; when applied to a murder conviction, the enhancement creates a 15-year mandatory eligible parole date, not a consecutive term of ten years; in the alternative, the amendment to §186.22(b) following the passage of Proposition 21 is unconstitutional because Proposition 21 violates the Single Subject Rule; and (9) joinder of contentions raised on behalf of co-defendant Harris.  Petitioner raised claims four through eight in a Petition for Review in the California Supreme Court.

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, inter alia:

1. There was insufficient evidence to corroborate the testimony of James Dancer, an accomplice and co-conspirator in the assault on Felix Perez; the shooting was the natural and probable consequence of the gang-motivated assault; therefore, the evidence was insufficient to sustain Petitioner's conviction;

2. The trial court erred prejudicially by failing to instruct the jury that Dancer was an accomplice as a matter of law;

3. Petitioner was deprived of the effective assistance of counsel by trial counsel's failure to move to exclude Dancer's coerced statement and trial testimony implicating Petitioner in the shooting;

4. The trial court abused its discretion by denying trial counsel's request for a reasonable mid-trial delay to produce a defense witness who was in custody in Los Angeles County, whose testimony was critical to impeach the credibility of the prosecution's key witness;

5. The trial court erred by imposing a consecutive term of ten years for the criminal street gang enhancement; when applied to a murder conviction, the enhancement creates a 15-year mandatory eligible parole date, not a consecutive term of ten years; in the alternative, the amendment to §186.22(b) following the passage of Proposition 21 is unconstitutional because Proposition 21 violates the Single Subject Rule;

6. Joinder of contentions raised on behalf of co-defendant Harris; and

7. Petitioner's due process rights were violated by the use of perjured testimony introduced by the prosecution's gang expert, Wilfredo Ortiz; the trial court erred prejudicially by allowing evidence of an unrelated and unsolved murder throughout Petitioner's trial through admission of hearsay evidence; and Petitioner's conviction was gained as a result of outrageous misconduct of the prosecutor.

(See Petition Index Exhibits ["Exs."] A and B.)

### A. Petitioner's Motion to Amend Petition and Request for a Stay to Fully Exhaust Grounds 4, 5 and 7 and to Raise a Newly Discovered Claim Is Denied.

Petitioner seeks to return to state court to exhaust the following claims from his original Petition:

(4) The trial court abused its discretion by denying trial counsel's request for a reasonable mid-trial delay to produce a defense witness who was in custody in Los Angeles County Jail, whose testimony was critical to impeach the credibility of the prosecution's key witness, and, by denying the continuance to allow counsel to prepare and defend his client, the trial court impaired the fundamental rights of the accused. (Jennings v. Supreme Court, supra, 66 Cal.2d at p. 875-876; People v. Guantana, 139 Cal.App.3d at p. 333. "The erroneous denial of [Petitioner's] motion for continuance interferes with [Petitioner's] due process right to prepare and defend himself at a critical stage of the proceedings, and therefore requires reversal without a showing of prejudice.");

(5) the trial court erred by imposing a consecutive term of 10 years for the criminal street gang enhancement; when applied to a murder

6

1  conviction, the enhancement creates a 15-year mandatory eligible parole
2  date, not a consecutive term of 10 years; in the alternative, the
3  amendment to §186.22(b) following the passage of Proposition 21, is
4  unconstitutional because Proposition 21 violates the single subject
5  rule; and

6  (7) Petitioner's due process rights were violated by the use of
7  perjured testimony introduced by the prosecution's gang expert Wilfredo
8  Ortiz, and Petitioner's conviction was gained as a result of outrageous
9  prosecutorial misconduct.

10  Petitioner also wishes to exhaust a newly discovered claim: (1)
11  trial counsel failed to adequately investigate Petitioner's case,
12  particularly the gang expert testimony that the motive behind the
13  killing of Perez was retaliation for the shooting or killing of Eric
14  Griffin; and (2) Petitioner did not receive a fair trial due to trial
15  counsel's failure to adequately investigate the origin of the mask used
16  as corroborating evidence in Petitioner's trial. (See Notice of Motion
17  and Motion to Amend and Request to Stay In Abeyance Pending Petition at
18  pp. 10-17, 23-27.)

## DISCUSSION

### A. Petitioner Is Not Entitled to a "Stay and Abeyance."

Petitioner contends that there is good cause to allow him to return to state court to fully exhaust these claims due to Petitioner's mental condition and receipt of psychotropic medications, the claims are potentially meritorious, and Petitioner has been diligent. Respondent opposes Petitioner's request to Amend the Petition to allege newly discovered claims. Respondent also opposes Petitioner's request for a Stay and to hold the remaining claims in abeyance while he exhausts his

state remedies.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), the United States Supreme Court held that a federal district court may stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state court. A District Court should stay, rather than dismiss, a mixed habeas petition if the Petitioner has good cause for his failure to exhaust, his unexhausted claims are meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

In Rhines, the Supreme Court noted that because of the total exhaustion requirement in Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 125 S.Ct. at 1533. This risk arises because a petitioner could be faced with a choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice, as mixed. Under the first option, if Petitioner's original petition had already been decided on the merits, he could not include the newly exhausted claims in a subsequent petition, as the second petition would be subject to the strict limitations AEDPA places on successive petitions. See 28 U.S.C. §2244(b). The second option available under Rose is no more desirable for a petitioner given the fact that AEDPA's one-year statute of limitations will likely have run before a petitioner is able to fully exhaust state court remedies on the mixed petition and return to federal court. Rhines, 125 S.Ct. at 1533-34.

In light of the above circumstances, Rhines concluded that a

1 District Court has discretion to stay a mixed petition to allow a
2 petitioner time to return to state court to present unexhausted claims.
3 In making this determination, however, the Court held that the stay and
4 abeyance procedure must be applied consistently with AEDPA's twin
5 purposes: "reducing delays in the execution of state and federal
6 criminal sentences" and encouraging "petitioners to seek relief from
7 state courts in the first instant." Rhines, 125 S.Ct. at 1534.  As a
8 result, Rhines cautioned, a stay and abeyance should be available only
9 in limited circumstances, and is appropriate only when the District
10 Court determines that there was "good cause" for the failure to exhaust.
11 Rhines, 125 S.Ct. at 535.

### 1. Good Cause Standard.

In Rhines v. Weber, the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust.  However, the law is well developed regarding the showing necessary to satisfy the analogous requirement that a habeas petitioner demonstrate "cause" to excuse a failure to exhaust in the context of procedural default. (See Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005).)  In determining both the "cause" required to excuse a procedural default and the "good cause" required under Rhines v. Weber, the relevant inquiry is the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal habeas petition.  See Noble v. Harrison, 491 F.Supp.2d 950,956 (C.D. Cal. 2007).

To show "cause" for a procedural default, a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her. Coleman

v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); see High v. Ignacio, 408 F.3d 585, 590 (9th Cir. 2005).

Petitioner contends that good cause exists to grant him a stay and abeyance in that Petitioner has been mentally unstable for approximately four years, has been taking psychotropic medications and under doctor's care for his psychiatric condition; that he was placed under administrative segregation and did not have access to his legal materials and that his attorney failed to return all of his legal documents to Petitioner in order for Petitioner to file a habeas petition.[2] (See Petitioner's Notice of Motion to Amend, 5-7; Petitioner's Reply at 6-9.)

Here, Petitioner essentially is arguing that he is entitled to return to state court and exhaust claims 4, 5 and 7 with further factual support and to raise a "newly discovered claim" re ineffective assistance of counsel because he was too mentally unstable for four years from 2003 to 2007 to present the Court with his additional claims. The record does not support Petitioner's assertions. In 2002, Petitioner's appellate counsel filed a Petition for Review raising three issues and joining in co-defendant Harris's issues. (See Lodged Document No. B1.) Thereafter, on November 19, 2003, Petitioner, acting pro se, filed a Petition for Writ of Habeas Corpus in the Los Angeles County

---

[2] The Court has reviewed Petitioner's medical records and notes that Petitioner suffered from anxiety and depression and was taking Wellbutrin, Seroqual and Benadryl. (See medical records attached to Motion to Amend.) Petitioner also attached a 602 grievance whereby Petitioner complained that he was without his legal materials on March 30, 2004. It appears that the 602 was granted at the informal level and Petitioner's property was returned to him as of April 18, 2004.

1 Superior Court, setting forth three issues. (Lodged Document No. C1.)
2 Then, on December 12, 2003, Petitioner, still acting on his own behalf,
3 filed a Petition for Writ of Habeas Corpus in the California Supreme
4 Court, again setting forth the same three issues he raised in the Los
5 Angeles County Superior Court. (Lodged Document No. D1.) The following
6 year, on December 20, 2004, Petitioner filed a Petition for Writ of
7 Habeas Corpus in the United States District Court, which was given Case
8 No. CV 04-09980-TJH (Mc). (Lodged Document No. F1.) The following year,
9 on September 22, 2005, Petitioner filed the within Petition. Each of
10 these petitions set forth federal constitutional claims. Although it is
11 always possible to file additional claims or claims that are more
12 persuasively argued, Petitioner cannot claim that he suffered from such
13 mental instability that he was unable to present the further factual
14 support for his existing claims or that his "newly discovered claim" of
15 ineffective assistance of counsel could not have been brought at the
16 time of filing his original Petition in this Court. Thus, Petitioner
17 has not shown that his failure to exhaust resulted from any external
18 objective factor that cannot be fairly attributable to him. <u>See</u>,
19 <u>Hernandez v. Sullivan</u>, 397 F.Supp.2d at 1207.

**ORDER**

**IT IS HEREBY ORDERED** that Petitioner's Request for a Stay is **DENIED.** The Court will in a separate Report and Recommendation address the merits of the Petition.

DATED: May 12, 2008             /s/
                         VICTOR B. KENTON
                         UNITED STATES MAGISTRATE JUDGE